■ In the Matter of LARRY DEBERRY, Appellant, v THOMAS A. COUGHLIN, III, as Commissioner of the State of New York Department of Correctional Services, et al., Respondents.—In a proceeding pursuant to CPLR article 78, *inter alia,* to compel compliance with a judgment of the Supreme Court, Wyoming County (Conable, J.), dated August 21, 1980, which ordered that the New York State Division of Parole expunge from its records certain enumerated prior convictions of the petitioner in considering him for parole release, the petitioner

appeals from a judgment of the Supreme Court, Dutchess County (Weiner, J.), dated May 29, 1986, which dismissed the petition.

Ordered that the judgment is affirmed, without costs or disbursements.

In the course of a previously commenced proceeding pursuant to CPLR article 78 for like relief on behalf of his institutionalized client, the petitioner's assigned counsel emphasized the fact that an arrest record of the Federal Bureau of Investigation (hereinafter FBI) made reference to certain of the convictions which Justice Conable had ordered expunged. It was argued, *inter alia,* that inasmuch as the petitioner's arrest record was subject to use by the New York State Division of Parole in connection with the processing of the petitioner's parole applications, the denial of those applications may well have resulted from the improper use of information which had previously been ordered deleted. It is not within our province to order the deletion of any material from an arrest record of the FBI. Nor is there any evidence that the petitioner's records with the New York State Division of Parole contain any improper references to the subject convictions *(see, Matter of Hetherington v Coughlin,* 127 AD2d 594).

We note furthermore that there is no reason to direct a further hearing with respect to the petitioner's 1985 parole eligibility inasmuch as the subject convictions were not considered by the Division of Parole in arriving at its determination dated September 24, 1985 to deny parole. Moreover, the record reveals the existence of several entirely independent reasons for denying the petitioner parole, including the heinous nature of the crimes of which he was convicted and for which he is currently incarcerated, the fact that those crimes were committed while the petitioner was on parole for a conviction of robbery in the second degree in 1962 and the fact that the petitioner failed to comply with an earlier recommendation that he undergo therapy.

Accordingly, the petition was properly dismissed. Brown, J. P., Weinstein, Kooper and Sullivan, JJ., concur.